UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    CASE No:
-----------------------------------------------------------------

PATRICK DAY

                Plaintiff,                    COMPLAINT

     -against-                                 PLAINTIFF DEMANDS
                                                      TRIAL BY JURY

THE CITY OF NEW YORK,
P.O. "JOHN DOE" 1-6.

1 'through' 6 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

                Defendant(s)
-----------------------------------------------------------------

      Plaintiff, PATRICK DAY, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, The City of New York and P.O.'s "JOHN DOE" 1-6, collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the law and statutes of the State of New York, against P.O.'s "JOHN DOE" 1-6, police officers of the City of New York, in their individual capacities and against the City of New York. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that the individual police officer defendants made an unreasonable search and seizure of the person of Patrick Day, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution. It is further alleged that these

violations and torts were committed as a result of policies and customs of the City of New York.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## PARTIES

4. Patrick Day was at all material times a resident of Brooklyn, New York. Plaintiff was 45 years old at the time of the incident.

5. Defendant Officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of New York, acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and the City of New York.

6. The defendant officers were at all material times acting within the scope of their employment, and as such, the Defendant City and supervising officers are vicariously liable for the defendant officers' acts as described below.

7. The Defendant, City of New York, is a municipality in the State of New York and employs the defendant police officers.

## FACTS

8. On July 17, 2014 at approximately 11:30 P.M. Plaintiff exited his residence at 725 Greene Ave in Brooklyn, NY.

9. Plaintiff walked to his car, got in and pulled off, headed south on Marcus Garvey Boulevard.

10. At the corner of Lexington Avenue and Marcus Garvey Boulevard, Plaintiff was pulled over by an unmarked police car.

11. Plaintiff sat in the car as three police officers emerged from the unmarked car. One of the police officers approached on the driver's side while the other two approached from the passenger's side.

12. Plaintiff lowered his window.

13. The police officer demanded that Plaintiff produce his driver's license.

14. Plaintiff handed over his license.

15. Plaintiff asked why he was being stopped. The police officer said, "I'll tell you in a minute."

16. The police officer demanded to know where plaintiff lived, where he was heading, and who owned the car.

17. Plaintiff answered all of the police officer's questions truthfully and produced registration papers to verify ownership of the car.

18. Plaintiff asked why he was being stopped for a second time. The police officer refused to give an answer.

19. The police officer then demanded to know if plaintiff had ever been arrested.

20. Plaintiff said yes and the officer asked "what for?"

21. Plaintiff responded by asking the police officer what that had to with him being stopped and the police officer ordered him to get out of the car.

22. Plaintiff got out of the car.

23. The police officer asked him if he had anything sharp in his pockets and then proceeded to frisk plaintiff's person and search his pockets.

24. While this was going on, the other two police officers searched plaintiff's car, opening the glove compartment box and the trunk of the car.

25. Having found no evidence of contraband in plaintiff's pockets or in his car, the first police officer poked at plaintiff's crotch with a flashlight.

26. The police officer then removed plaintiff's belt and pulled the elastic band of his underwear open, using the butt end of the flashlight to search plaintiff's genital area.

27. Then the first police officer motioned to one of the other two and they switched roles, with the first police officer now searching plaintiff's car.

28. At this point, another unmarked police car arrived at the scene with three more officers. One of these officers began to question plaintiff and entered plaintiff's answers into a smart phone.

29. At the same time, plaintiff's wife, alerted by a neighbor, came to the scene.

30. The police officer with the smart phone told plaintiff to pull his pants up and plaintiff responded by saying "No, you shouldn't have pulled them down."

31. As she approached, Plaintiff's wife was physically prevented from stepping into the street by the officers.

32. Plaintiff's wife asked for their badge numbers and one of the officers responded that "they don't have badge numbers."

33. Then all six police officers climbed back into their cars and sped off.

34. At no time during the events described above, was plaintiff intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly. He had not committed any criminal offenses or traffic violations.

35. The defendant police officers had no probable cause or reasonable suspicion to search plaintiff's person and plaintiff's car and no legal cause or excuse to seize the person of the plaintiff.

36. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

37. As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to due process;

    c. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to equal protection under the law;

    d. Public humiliation resulting in emotional pain and suffering;

    e. Invasion of privacy.

38. The actions of defendant police officers violated the following clearly established and well settled federal constitutional rights of Patrick Day:

    a. Freedom from the unreasonable seizure of his person;
    b. Freedom from the unreasonable search of his person and carriage;
    c. The right to due process;
    d. The right to equal protection under the law.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 Against Individual Defendants

39. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.

40. Plaintiff Patrick Day claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendants "John Doe" 1-6 for violation of his constitutional rights under the color of law.

## SECOND CAUSE OF ACTION

### Illegal Search and Seizure

41. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.

42. Defendant officers 1 though 6 illegally detained Patrick Day.

43. Defendant officers 1 though 6 illegally searched plaintiff Day's person.

44. Defendant officers 1 though 6 illegally searched plaintiff Day's car.

45. As a result of these illegal acts, plaintiff Day suffered damages as aforesaid.

5

## THIRD CAUSE OF ACTION

### Battery Against Defendant Officer "John Doe" #1

46. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.

47. Defendant officer "John Doe" #1 battered plaintiff Patrick Day by using a flashlight to search his genital area.

48. As a result of this battery, plaintiff Day suffered damages as aforesaid.

## FOURTH CAUSE OF ACTION

### 42 U.S.C. § 1983 Against the City of New York

49. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.

50. Prior to July 17, 2014, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in New York City, which caused the violation of plaintiff's rights.

51. It was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York.

52. It was the policy and/or custom of the City of New York to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage constitutional violations on the part of its police officers.

53. As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

54. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

WHEREFORE, the plaintiff requests that this Court:
a. Award compensatory damages to plaintiff against the defendants, jointly and severally;
b. Award costs of this action to the plaintiff;
c. Award reasonable attorney's fees and costs to the plaintiff;
d. Award such other and further relief as this Court may deem appropriate.

The plaintiff hereby demands a jury trial.

Dated:

8/27/2014

Brooklyn, New York

                                  Respectfully Submitted

                                By:    Alexis G. Padilla, Esq.
                                        575 Decatur Street #3
                                        Brooklyn, NY 11233
                                        (917) 238-2993